EZRA LINCOLN & another *vs.* JOHN PARSONS.

The tenant in a real action cannot introduce parol evidence to control an absolute deed, of the demanded premises, given by him.

Under Gen. Sts. *c.* 115, § 6, a judge of the superior court has no authority to report questions of law arising in that court for the decision of the supreme judicial court, except after verdict.

WRIT OF ENTRY by the assignees in insolvency of the joint and separate estates of Charles H. Mills & Co. At the trial in

the superior court, the demandants proved their official character, and then introduced in evidence an absolute deed of the demanded premises, with covenants of warranty, from the tenant to Charles H. Mills. The tenant offered parol evidence to show that the conveyance was made to Mills by the direction of the firm, to secure them from loss by reason of certain advances and acceptances for his benefit, for which it was admitted he still owed them a sum greater than the value of the premises. A trial by jury was waived, and *Allen*, C. J. ordered judgment for the demandants; and the case was reported for the determination of this court.

*F. A. Brooks*, for the tenant.

*A. H. Fiske*, for the demandants.

CHAPMAN, J. The demandants established an absolute title in fee simple to the premises by proving the deed of the tenant to Charles H. Mills, and the assignment to them. If the evidence offered by the tenant had been received, its only effect would have been to control his deed by parol proof. It was properly rejected.

The case is irregularly brought here. By Gen. Sts. c. 129, §§ 66, 67, when the parties waive a trial by jury, the only method of bringing the case to this court is by exceptions. By c. 115, § 6, it is only after verdict that cases may be reported for determination by this court. *Minot* v. *Sawyer*, *ante*, 18.